127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Rusty J. NAMIE, Defendant-Appellant.
 No. 97-10276
 United States Court of Appeals, Ninth Circuit.
 Oct. 24, 1997.
Submitted Oct. 20, 1997**
 
 Appeal from the United States District Court for the District of Nevada
 David W. Hagan, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rusty J. Namie appeals the sentence imposed following his guilty plea to one count of unarmed bank robbery and two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Namie contends that the district court erred by increasing Namie's sentence by three offense levels pursuant to U.S.S.G. § 2B3.1(b)(2)(E) for the brandishment, display or possession of a dangerous weapon based on Namie's use of a toy gun during one of the robberies. We affirm.
 
 
 3
 We review for clear error the factual findings supporting a particular sentence. United States v. Mullins, 992 F.2d 1472, 1478-79 (9th Cir.1993). Application note 2 to § 2B3.1(b)(2)(E) provides that an object that appeared to be a dangerous weapon constitutes a dangerous weapon for purposes of § 2B3.1(b)(2)(E).
 
 
 4
 Here, the district court conducted a hearing in which it heard testimony as to how the toy gun was displayed, what the bank teller saw, and whether the bank teller believed the object to be real or fake. The district judge also personally examined the toy gun from a distance approximating that from which the toy gun was seen by the teller. The district court stated for the record that it was applying an objective test as to whether the object appeared to be a dangerous weapon at the time it was brandished, displayed or possessed.
 
 
 5
 In these circumstances we cannot say that the district court clearly erred in finding that the toy gun did appear to be a dangerous weapon at that time. The district court's judgment is therefore
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3